[S. F. No. 13743. In Bank.—October 20, 1930.]

GERALD F. HARRINGTON, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Wm. Kehoe and Isidore B. Dockweiler for Petitioner.

Morse Erskine for Respondent.

THE COURT.—■ The petitioner herein, Gerald F. Harrington, presented to the committee of bar examiners of The State Bar of California, on May 18, 1928, his application, in due form, for admission to practice as an attorney and counselor in the courts of the state of California, basing the same upon his certificate of admission to practice law in the state of Nebraska, duly issued to him in the year 1913 and unrevoked, and upon a considerable number of commendatory letters from judges, members of the bar and former clients of the petitioner while practicing law in the state of Nebraska between 1913 and 1926. Pursuant thereto the petitioner appeared before the committee of bar examiners on June 1, 1928, and was examined at length by the members thereof, from which it appeared that the applicant, prior to his admission to practice in the state of Nebraska, had received a high school education, followed by a college degree and two years' law school study at Creighton University, with one year at Harvard, after which

he passed the bar examination in Nebraska and took up the practice of the law in Omaha, in which he had continued with apparently considerable success during the succeeding thirteen years. He frankly admitted that he had at one time, and about the year 1917, been named a co-defendant with his father, who was also a lawyer, and with certain other parties, in a criminal proceeding wherein the defendants were charged with conspiracy to obstruct justice by secreting a witness in a white slave case, upon the trial of which he was, however, acquitted, the evidence in the case disclosing that he had nothing to do with the alleged offense, having been absent from the state at the time of its alleged commission. The record in that case, which was subsequently presented before the board, fully supported the claim of the applicant that he was entirely innocent of any wrongdoing or of any ethical misconduct in respect to that proceeding. In addition thereto, and in response to a letter written by one of the members of the board to the firm of attorneys in Dubuque, Iowa, who had been engaged in the prosecution of the defendants in that case, a reply was received from the member of that firm who had personally conducted such prosecution and at the close thereof had advised the jury to acquit the applicant herein, and who in his said letter expressly stated that the said charge should not be a bar to his right to practice law in this state, and that the applicant was "a reputable young man of fine appearance and training and he should not be prevented from pursuing his career because of the unfortunate affair in which his father was involved." At the conclusion of the first hearing before the board of bar examiners that body delegated to Mr. George Stoneman, one of the members, the duty of further examining the record in that case, and this having been done by him he made and filed with said board his report thereon on September 20, 1928, stating that "From the record I am unable to see that the application for admission to the bar of this state of Gerald F. Harrington is affected in any manner save unfortunately he became involved through his relationship to his father. I therefore recommend that his application for admission to practice law in this state be granted." In addition to the foregoing the petitioner herein has presented a letter from Judge Thomas C. Munger

of the Circuit Court of Appeals in and for the circuit which includes Nebraska, and who had reviewed the aforesaid cause upon appeal, stating: "I am informed that you are applying for admission to the bar of California. I am pleased to recommend you for admission as an attorney. In the many years in which you have practiced in the United States court in this state I found you to be capable, industrious and honorable. I wish you success." Notwithstanding the foregoing showing the board of bar examiners manifested an indisposition to admit the applicant, and continued the matter of his admission for further investigation. At a later hearing the applicant was questioned with relation to another matter voluntarily adverted to by him, and which involved his professional relations with a client named Mrs. Frahm, from which it appears that in the year 1922 the applicant represented this client in a divorce suit against her husband, and procured for her a decree of divorce wherein it was provided that the plaintiff should be allowed permanent alimony in the monthly sum of $25, together with attorney's fees in the sum of $75. The husband made one payment of $25 into court upon this judgment and then disappeared. The lady also presently remarried and disappeared, leaving with her attorney neither the name of her second husband nor her address. In the year 1924, in another action, affecting a piece of real estate in which her former husband had some interest, the sum of $160.73 was paid into court to be applied upon account of the judgment in the divorce proceeding. The clerk of the court, not knowing the plaintiff's address, but desiring to clear his records, wrote to the applicant herein, asking him to receive, on her account, this sum of money. This the applicant did, as he had a right to do, not only by virtue of the Nebraska statutes (sec. 266, Neb. Comp. Stats. 1922), but also for the reason that he had an interest in said judgment to the extent of his unpaid counsel fees. At once, upon the receipt of this sum of money, the applicant wrote to the last known address of his former client, stating the transaction and requesting her to call at her earliest convenience to get the money. His letter was returned undelivered, whereupon the applicant made a trip to Council Bluffs, sought out her last known residence and questioned her former friends and neighbors as to her whereabouts, but all in vain. About a

year later the lady re-appeared at the applicant's office at a time when he was moving, and was asked to return on the following day, by which time the applicant stated that he could get at his books and accounts in order to make his settlement with her. Instead of so doing she went to the court and the judge thereof notified the applicant to appear in court the following morning and explain the transaction. He so appeared and made his showing as to his vain efforts to locate the lady and his entire willingness to pay over to her there and then whatever portion of said money was coming to her after deducting his own fees and costs. At the close of such hearing the judge made an order allowing the applicant his aforesaid fees and costs and directing the payment of the balance to his client, which the applicant immediately paid over to her. It is a significant fact to be considered in relation to the foregoing transaction that the deputy clerk of Douglas County, Nebraska, who had immediately to do with the payment of the sum of money involved therein to the applicant and with the subsequent proceedings with relation thereto has presented an affidavit absolving the applicant herein of any wrongdoing whatever in the matter, and that the presiding judge of Douglas County has contributed a letter strongly recommending the admission of the applicant to the California bar.

The original application of this applicant was presented to the board of bar examiners on May 18, 1928. Whatever examination was thereafter had into the merits of his said application, aside from the two hearings above referred to, were made *ex parte* by the members or committees of the board of bar examiners, during the course of which the matter was delayed from time to time for nearly a year. The applicant, becoming impatient of this delay, began making inquiries at the office of the board, but he could gain no satisfaction save that his application was still pending. When, in the month of December, 1928, he wrote a letter to the member of the board of bar examiners having particularly to do with the investigation into the merits of his application, requesting information as to the status thereof, and also requesting that he be given information as to any other charges against him, in order that he might be in a position to refute the same, he received a reply stating that "It is not the policy of the committee of bar

examiners to disclose information received by it in investigations which it conducts," and further informing him that "When our examination is completed, if we should be inclined to make an adverse decision based upon information which we have received pursuant to our independent investigation, you will be advised thereof in ample time to explain or rebut the same." Notwithstanding this assurance no further action was taken by the committee in the way of informing the applicant of the status of his application until the month of August, 1929, when, after repeated requests for information, he was finally and for the first time advised that his application had been denied on March 16, 1929. He at once applied for a rehearing, in connection with which he demanded that he be given copies of any affidavits or other papers bearing upon his character or fitness for admission to the bar, and offering to stipulate for the taking of any testimony by deposition in the state of Nebraska if the committee should deem it advisable. To this application and request the applicant received no other answer than that his petition for rehearing was denied. Upon being so advised he made application for a review by this court, in response to which the entire record of the proceedings before the board of bar examiners has been filed herein. An examination of this record discloses that other than the two matters in any way affecting the qualifications of this applicant to be admitted to practice in this state no charges have been either preferred or investigated, nor has anything whatever derogatory to the character or professional standing or fitness of the applicant been urged either before the board or any member thereof, or before this court. On the contrary, there has been presented in this record an unbroken line in the way of testimonials from the bench and bar of the state of Nebraska, including practically every judge of both the state and federal courts of that jurisdiction, certifying to the high standing and unblemished professional career of this applicant during his many years of practice in the Nebraska courts. In numerous instances these testimonials are couched in terms of personal regard and even affection far beyond the ordinary language of formal recommendation. Coupled with these are also to be found like testimonals not only from the lawyers and firms of well-known standing and repute at

the Nebraska bar, but also from members of the Nebraska Bar Association, all testifying to the enviable position and excellent character of the applicant while engaged in practice at the Nebraska bar. It was ill health which compelled this applicant to seek a change of residence and to come to California in the year 1926. Having recovered his health, in the year 1928 he sought admission to the California bar. He has thus far been denied that opportunity upon what seems to us entirely insufficient justification for such denial. He has also been delayed beyond reason and without adequate excuse for such delay. He has been, on the whole, harshly treated, quite contrary to what we think should be the policy of the membership and official representatives of The State Bar in extending a welcoming hand to their professional brethren from other jurisdictions who, having there been duly admitted and having there pursued an honorable and successful career, conclude to make their home in California and in due course seek permission to continue the practice of their profession here with like assurances of honor and distinction.

It is therefore ordered that the petitioner herein be and he is hereby admitted to practice as an attorney and counselor at law, authorized to practice in all the courts of this state, and the clerk is hereby directed to issue and deliver to him a certificate of such authority upon his taking the prescribed oath and signing the roll of attorneys.

WASTE, C. J., Concurring.—As the petitioner has shown himself entitled to such admission, I concur in the order admitting him to practice law in this state. But I withhold my approval of any language in the majority opinion that may seem to imply that the "membership and official representatives of The State Bar" should not continue to be diligent and thorough in determining the character and qualifications of applicants for admission from other jurisdictions. Those members of the profession who have pursued an "honorable and successful career" elsewhere are, of course, welcome; but experience and the records of our courts show that not all who apply for admission here are worthy.

Shenk, J., concurred.